UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANNON HANNON, MELISSA TORRES,
SHELLY GUIDRY

CIVIL ACTION NO. 3:17-cv-304

      **Plaintiffs**

VERSUS

F. MILLER PROPERTIES, LLC

      **Defendant**

_____

# FLSA COMPLAINT

Plaintiffs SHANNON HANNON, MELISSA TORRES and SHELLY GUIDRY, individuals of the full age of majority domiciled in State of Louisiana respectfully aver:

1.1    This is an action for unpaid minimum wages, liquidated damages and attorney fees and injunctive relief under the Fair Labor Standards Act, 29 U.S.C.A. §201 *et seq.* (the "FLSA").

1.2    Prior to December 28, 2016 Plaintiffs were employed by MILLER PROPERTIES, INC., a corporation domiciled at 5986 Financial Drive, Norcross, Georgia, 30071, with a principal business office in East Baton Rouge Parish, Louisiana.

1.3    On or about December 28, 2016 Miller Properties, Inc. merged into F. MILLER PROPERTIES, LLC, a domestic limited liability corporation with its principal business establishment in East Baton Rouge Parish Louisiana. The surviving entity as a result of the merger is F. MILLER PROPERTIES, LLC.

1.4    Prior to the merger MILLER PROPERTIES, INC. owned and operated a number of Waffle House Restaurants in Louisiana, including those where Plaintiffs were employed (the "Miller Waffle House Restaurants").

1.5     Plaintiffs believe and aver the Miller Waffle House Restaurants are now owned and/or operated by F. MILLER PROPERTIES, LLC.

1.6     Alternatively, the Miller Waffle House Restaurants are now owned and/or operated jointly by F. MILLER PROPERTIES, LLC and by WAFFLE HOUSE, INC., a corporation domiciled in Georgia which shares the same domicile address as Miller Properties, Inc.

1.7     F. MILLER PROPERTIES, LLC is a successor in interest to Miller Properties, Inc. and successor employer of persons formerly employed by Miller Properties, Inc., by virtue of merger of the two entities.

1.8     Alternatively, F. MILLER PROPERTIES, LLC and its Member(s) and Manager(s) individually are alter egos of Miller Properties, Inc.

1.9     MILLER PROPERTIES, INC. and F. MILLER PROPERTIES, LLC and the officers, Member(s) and Manager(s) of those entities are "Employers" within the meaning of the FLSA of persons now or formerly employed at the Miller Waffle House Restaurants.

1.10    MILLER PROPERTIES, INC., F. MILLER PROPERTIES, LLC, and the officers, Member(s) and Manager(s) of those entities are hereinafter collectively referred to as "Miller" or "Employer".

## COUNT I

1.11    Plaintiffs were employed as Servers in the Miller Waffle House Restaurants during the period January 1, 2014 to May 9, 2017 (the Relevant Time Period).

1.12    The FLSA requires employers to pay employees not less than $7.25 per hour for each hour worked.  29 U.S.C.A. §206(a) (1)

1.13   According to Plaintiffs' Wage Statements their Gross Earnings for each week included (a) a cash wage plus (b) a "tip credit" amount, which added together equaled the product of $7.25 X the number of hours worked.

1.14   Miller deducted from servers' weekly cash wages the sum of $3.10 per work shift, which Miller designated as "meal credit".

1.15   The FLSA allows an employer to count as wages for minimum wage compliance purposes the reasonable cost to the employer of furnishing certain non-cash benefits, such as meals customarily furnished to employees.  29 U.S.C.A. §203(m).

1.16   "Reasonable cost" means not more than the actual cost to the employer. In restaurant establishments the actual cost of providing an employee meal typically includes only food inventory cost.

1.17   Miller's actual cost for providing employee meals was substantially less than the sum Miller deducted from Servers' cash wages as a "meal credit"

1.18   As a result in each workweek Servers' actual wages (net cash wages received, + tip credit + the actual cost of employee meals) was less than minimum wage ($7.25 X the number of hours worked).

1.19   Miller's practice of deducting from Server's cash wages every week a sum which exceeded the actual cost of providing employee meals was uniformly applied to all Servers.

1.20   Miller is therefore liable under 29 U.S.C.A. §216(b) to Plaintiffs and to all similarly situated employees for all minimum wage shortages, and for liquidated damages in an equal additional amount, reasonable attorney fees and expenses, pre and post judgment interest, costs and such other legal or equitable relief as the court may deem appropriate.

## COUNT II

### DISCLOSURE VIOLATIONS

2.1     Plaintiffs adopt the allegations set out in ¶ 1.1 – ¶1.13 above by reference.

2.2     Employers subject to the minimum-wage provisions of the FLSA are required to post a notice explaining the Act's provisions and the applicable minimum wage provision and explain the tip-credit provision of the law.  29 C.F.R. § 516.4.

2.2     The Miller - Waffle House Salesperson Manual instructed Servers that they have to make up in tips the difference between their cash wage and $7.25 per hour "in order to earn minimum wage".

2.3     That instruction is false, misleading and violated the disclosure regulations because under FLSA Waffle House employees do not have to make any certain amount in tips in order to earn minimum wage. Miller's employees earned the right to receive at least $7.25 per hour by performing the work, regardless of their tip earnings.

2.4     As a result of the employer's failure to properly advise employees as to the FLSA minimum wage and tip credit requirements, (a) Defendants were not entitled to take any tip credit against their minimum wage obligation, (b) the time limitation for filing claims is tolled, and (c) Defendants are equitable estopped from asserting time limitations as a defense to claims by these plaintiffs or to claims be persons who may choose to opt in to this action.

## COUNT III

3.1     Plaintiffs adopt the allegation set out in ¶ 1.1 - ¶ 13 by reference.

3.2     Plaintiffs and all similarly situated employees were required to regularly spend more than 20% of their work time bussing tables, washing dishes and performing janitorial work not directly related to customer service.

3.3     Because Miller employed water/servers in non-tipped duties more than 20% of their work time Miller was not entitled to take a tip credit against its minimum wage obligation for any work hours.

## CONCLUSION

4.      The FLSA minimum wage and disclosure violations described above were willful because the defendant either knew or should have known its conduct was prohibited by the FLSA, and showed reckless disregard for the law's requirements.

5.      As a result of the foregoing under FLSA §216(b) the defendant is liable to Plaintiffs and to all similarly situated employees for all unpaid minimum wages, for additional amounts equal to the unpaid wages as liquidated damages, and for Plaintiff's reasonable attorney fees and expenses.

6.      Plaintiffs are entitled to injunctive relief (a) prohibiting Miller from taking improper tip credit and meal credit against its obligation to pay minimum wage, (b) prohibiting Miller from instructing employees they are required to make any certain amount in tips in order to earn minimum wage, or otherwise failing to properly advise employees as to the FLSA minimum wage requirements, (c) requiring Miller to post a notice to employees in the manner required by 29 C.F.R. §516.4 explaining the FLSA tip credit and meal credit provisions, including: (i) that employees are not required to make any certain amount in tips in order to earn minimum wage, (ii) that Miller deducts from servers' weekly cash wages a sum for "meal credit", (iii) how the meal credit amount is calculated, and (iv) that under the FLSA an employer may not take a meal credit or wage deduction in an amount that exceeds the actual cost to the employer of providing an employee meal, and (v) notifying employees of violations of Section 6 of the FLSA and 29 C.F.R. §516.4, and of their right to opt in to this action as plaintiffs.

7. Pursuant to 29 USCA §216(b) Shannon Hannon brings this action on behalf of herself and all other similarly situated employees, including but not limited to (a) Class I: all persons employed by Miller at any location as a waiter/server who suffered deductions from cash wages for employee meal credit, (b) Class II all employees who were told they had to make up in tips the difference between their cash wage and $7.25 per hour in order to earn minimum wage, and/or (c) Class III: all employees subject to minimum wage tip credit who regularly spent more than 20% of their work time bussing tables, washing dishes and performing janitorial work not directly related to customer service.

WHEREFORE, Plaintiffs pray: (i) for issuance of citation, (ii) that this action be provisionally certified as a §216(b collective action, (iii) the defendants be ordered to provide the names and contact information for all putative class members as defined in paragraph 7, (iv) that the Court authorize Notice of the pendency of the action to all similarly situated employees in the form attached as Exhibit A, (v) for an order tolling the limitations period for the filing of claims by putative class members, and (vi) for judgment in favor of all plaintiffs for unpaid minimum wages due and for liquidated damages in equal additional amounts, (vii) for injunctive relief as set forth in ¶ 6; (viii) for Plaintiffs' reasonable attorney's fees and expenses, and for pre-judgment and post judgment interest, costs and for all other legal, equitable or other relief which the court may deem appropriate.

RESPECTFULLY SUBMITTED

/s/ Christopher Zaunbrecher
CHRISTOPHER ZAUNBRECHER (09546)
413 Travis Street, Suite 200
Post Office Drawer 51367
Lafayette, Louisiana 70505-1367
Telephone: (337) 237-4070
Facsimile: (337) 233-8719
ATTORNEY FOR PLAINTIFFS